## J. A. HEATH v. S. A. BROWN & CO., *et al.*

JUDGMENT DEBTOR—*Imprisonment*—*Discharge, Denied.* A judgment debtor who fraudulently contracted the obligations upon which the judgments against him were rendered, and against whose person executions were issued, and who by virtue thereof is confined in the county jail, cannot be released from imprisonment on his own motion on the ground that he is unable to pay, without making a reasonable showing of the disposition he has made of a large amount of property that he was found to be possessed of at the time of the rendition of the judgments against him.

*Error from Allen District Court.*

MOTION to discharge from arrest and imprisonment, overruled on May 5, 1888. The defendant *Heath* brings this ruling here for review. The opinion contains a sufficient statement of the facts.

*Knight & Foust,* for plaintiff in error.

*Hutchings & Keplinger, W. A. Chogwill,* and *G. A. Amos,* for defendants in error.

Opinion by SIMPSON, C.: The plaintiff in error complains of the ruling of the Allen county district court refusing to discharge him from arrest and imprisonment by virtue of executions against his person, first, because of his inability to pay the judgments, and also because of his physical inability to endure the imprisonment. The controlling facts are, that Brown & Co. obtained judgments against the plaintiff in error in the Allen county district court, on demands that had been fraudulently contracted. These judgments aggregated the sum of $5,648.80, and costs taxed at $989.60 in favor of the plaintiffs, and the further sum of $2,806.25 in favor of co-defendants in the action. On these judgments, executions were issued against his person, and he was imprisoned, and is now in confinement in the Allen county jail. He filed his motion to be discharged from imprisonment on both executions for the reasons above stated. To support his motion he produced the affidavits of himself, wife and daughter, as well as those of Paul Fisher, Samuel J. Stewart, E. A. Barber and George C. Barber, all going more or less to both causes for discharge stated in the motion. There are no technical objections to any of these except that of his wife, and in the view we take of it, that objection is not important enough to consider or discuss. To sustain the arrest, the pleadings in the action were introduced over the objection of the plaintiff in error, and this ruling is one of the assignments of error. The report of the referee was also admitted and considered, and this also is assigned as error.

Considering them both together, we think they are competent for a variety of reasons, the principal ones being: They declared the obligations on which the judgments were based were fraudulently contracted; and they determined the issues in the action, and they determined the solvency and insolvency of all the defendants, and they declared the financial condition of·the plaintiff in error at the time the obligations were so fraudulently contracted, and possibly at the time the judgments were rendered. They declared such a state of

facts, and such a line of conduct on the part of the plaintiff in error, in the inception of this indebtedness, and its subsequent manipulation, and the studied attempts of the plaintiff in error to divest himself of liability respecting it, that no court would order his discharge without payment, or without being compelled by the strongest proof of inability, or the most conclusive showing of physical incapacity to endure the punishment to which he was rightfully subjected. It might be enough for all the purposes of this opinion, to rest on the ruling of the court below, and to say that there is some evidence to sustain it; but in this case, and under its peculiar circumstances, we must go farther, and say that justice requires a man who has been adjudged guilty of the most disreputable species of fraud to clearly show his inability to pay the judgments, or to fairly demonstrate his physical inability to endure the punishment inflicted. If the proof is strong enough to require, or even to authorize, a lenient application of the law to a man imprisoned for fraudulently contracting a debt, the doors of the jail will be opened, but his own contradictory statements, or the beliefs of sympathizing friends, are not sufficient to produce the key and unlock the cell. Reviewing the whole record, and considering all its facts and incidents, we fail to see that the showing either appeals to the heart, or convinces the mind that the ruling of the court below ought to be reversed.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.